ICY SPLASH FOOD & BEVERAGE, INC., et al., Respondents, v FELIX HENCKEL et al., Appellants. [789 NYS2d 505]—

In an action, inter alia, to permanently enjoin the defendants from misappropriating the plaintiffs' intellectual property and converting the plaintiffs' assets, the defendants appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), dated March 5, 2003, which, after a nonjury trial, permanently enjoined them from misappropriating the plaintiffs' intellectual property and converting the plaintiffs' assets.

Ordered that the judgment is reversed, on the law, with costs, the permanent injunction is vacated, and the complaint is dismissed.

Contrary to the defendants' contention, the Supreme Court's finding that the plaintiffs owned the corporate assets at issue was based upon a fair interpretation of the evidence (*see Islamic Ctr. of Harrison v Islamic Science Found.,* 262 AD2d 362, 363 [1999]). However, since the plaintiffs failed to prove that the defendants misappropriated or converted those assets, the Supreme Court erred in granting them a permanent injunction.

The plaintiffs incorrectly assert that a determination by a different Supreme Court Justice (Belen, J.) granting them a pre-trial preliminary injunction constitutes law of the case. Rather, "a preliminary injunction is a provisional remedy and a decision concerning a preliminary injunction does not become the law of the case, nor would it constitute an adjudication on the merits so as to preclude reconsideration of that issue at a trial on the merits" (*Peterson v Corbin,* 275 AD2d 35, 40 [2000]; *see Preston Corp. v Fabrication Enters.,* 68 NY2d 397 [1986]; *Moody v Filipowski,* 146 AD2d 675, 678 [1989]). The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits (*see Moody v Filipowski, supra* at 678). A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction (*see Kane v Walsh,* 295 NY 198, 205-206 [1946]).

Although the plaintiffs presented evidence establishing their ownership of the subject corporate assets, including the trademark, they failed to prove by a preponderance of the evidence that the defendants misappropriated or converted such assets. Therefore, as the plaintiffs failed to meet their burden of proof regarding the alleged misappropriation and/or conversion of the corporate assets, and failed to demonstrate irreparable harm in the absence of an injunction, the Supreme Court's award of a permanent injunction must be reversed.

The defendants' remaining contentions are academic in light of our determination. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.