■ ELIEZER TIBOR NEUHAUSER, Also Known as ELI NEUHAUSER, Respondent, v ANTONIO POLANCO et al., Appellants. [789 NYS2d 256]—In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants Yitchok Wagschal and Lilly Neuhauser, also known as Lilly Weiss, also known as Chaya Neuhauser, appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Orange County (Owen, J.), entered September 3, 2003, which, after a nonjury trial, determined that the defendant Lilly Neuhauser, also known as Lilly Weiss, also known as Chaya Neuhauser, held title to certain property in constructive trust for the benefit of the plaintiff, and that the defendant Yitchok Wagschal was not a bona fide purchaser of the property for value, and the defendant Antonio Polanco also appeals from the judgment.

Ordered that the appeal by the defendant Antonio Polanco is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed

from by the defendants Yitchok Wagschal and Lilly Neuhauser, also known as Lilly Weiss, also known as Chaya Neuhauser, without costs or disbursements.

A court's determination after a nonjury trial will generally be upheld unless it could not have been reached under any fair interpretation of the evidence (*see Koslowski v Koslowski*, 297 AD2d 784, 785 [2002]). Here, the trial court found that the plaintiff established, inter alia, the existence of a confidential or fiduciary relationship (*see Walsh v Walsh*, 91 AD2d 1198 [1983]; *Darlagiannis v Darlagiannis*, 48 AD2d 875 [1975]; *Janke v Janke*, 47 AD2d 445, 449 [1975], *affd* 39 NY2d 786 [1976]), and a promise to transfer title to the subject property (*see Ostriker v Ostriker*, 203 AD2d 343, 345 [1994]; *Tordai v Tordai*, 109 AD2d 996, 997 [1985]). It determined that the plaintiff was entitled to the imposition of a constructive trust in his favor (*see Sharp v Kosmalski*, 40 NY2d 119 [1976]). This determination was based on a fair interpretation of the evidence.

The appellant Yitchok Wagschal failed to satisfy his burden of proving that he did not purchase the property with "previous notice of the alleged prior fraud by the seller" (*Public Adm'r of Kings County v Samerson*, 298 AD2d 512, 513 [2002]).

The appellants' remaining contentions do not require reversal. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.