■ COINMACH CORP., Respondent, v ALLEY POND OWNERS CORP., Appellant. [808 NYS2d 418]—

In an action, inter alia, for a judgment declaring the parties' respective rights under a lease and related injunctive relief enjoining the defendant from interfering with the plaintiff's exclusive right of use and occupancy of the laundry facility located at the subject premises, the defendant appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated July 8, 2005, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

This action is a dispute between the defendant landlord, Alley Pond Owners Corp., and the plaintiff commercial tenant, Coinmach Corp., as successor in interest to Coinmach Industries Co. The plaintiff has run its coin-operated laundry business at the subject premises owned by the defendant pursuant to a lease whereby the plaintiff was granted sole and exclusive oc-

cupancy of the premises to operate its laundry business and/or provide laundry equipment services to the premises in exchange for an agreed-upon rent. According to the lease, the defendant had a certificate of occupancy for the premises. However, after the plaintiff made a number of substantial renovations to the leased premises, the defendant's attorney advised that his client "lost" the certificate of occupancy, without any other proof to substantiate this representation. For this reason, the defendant has prevented access to the leased premises by the plaintiff and all others. This action ensued, and the Supreme Court granted the plaintiff's motion for a preliminary injunction.

To be entitled to a preliminary injunction, the moving party has the burden of demonstrating (1) a likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860 [1990]; *W.T. Grant Co. v Srogi*, 52 NY2d 496 [1981]). The purpose of a preliminary injunction is to maintain the status quo pending determination of the action (*see Schweizer v Town of Smithtown*, 19 AD3d 682 [2005]; *Rattner & Assoc. v Sears, Roebuck & Co.*, 294 AD2d 346 [2002]). The determination to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Ying Fung Moy v Hohi Umeki*, 10 AD3d 604 [2004]).

Since the plaintiff made the requisite showing for preliminary injunctive relief, the Supreme Court properly granted the plaintiff's motion (*see Coinmach Corp. v Harton Assoc.*, 304 AD2d 705 [2003]). Contrary to the defendant's contention, the status quo to be maintained while this action is pending was properly determined to be the parties' pre-lockout positions, in accordance with paragraph 11 of the lease. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.