CHURCH OF GOD PENTECOSTAL FOUNTAIN OF LOVE, MI, Respondents, v IGLESIA DE DIOS PENTECOSTAL, MI, Also Known as PENTECOSTAL CHURCH OF GOD, INTERNATIONAL MOVEMENT, et al., Appellants. [812 NYS2d 131]—

In an action, inter alia, to recover damages for fraud and conversion, for an accounting, and to impose a constructive trust, the defendants appeal from an order of the Supreme Court, Suffolk County (Costello, J.), dated September 21, 2004, which, among other things, granted the plaintiff's motion for a preliminary injunction enjoining the defendants Ariel R. Vega, Esdras Ramos, Jose Luis Rodriguez, and Braulio Martinez, from interfering with the operation of the subject church, and for an accounting, and denied the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The unincorporated Church of God Pentecostal Fountain of Love, MI (hereinafter the plaintiff church) united with the Iglesia de Dios Pentecostal, MI, also known as Pentecostal Church of God International Movement (hereinafter the defendant church), in 1996. The plaintiff church claims that the agreement to unite was in name only, with the plaintiff church retaining an independent existence and acquiring property for itself, although this property was titled in the defendant church's name. Because the defendant church allegedly interfered with the enjoyment of this property, the plaintiff church commenced this action, inter alia, to enjoin certain members of the defendant church from interfering with the operation of its church, entering the church, selling real and personal property in the name of or otherwise in the possession and control of the defendant church, and to place a constructive trust on the subject property. The plaintiff church, inter alia, moved for a preliminary injunction and an accounting indicating what funds were used to purchase the subject property. The defendants cross-moved for summary judgment dismissing the complaint on the grounds that the defendant church owned the subject property and the plaintiff church lacked standing. The Supreme Court, among other things, granted the plaintiff church's motion for injunctive relief and an accounting and denied the defendants' cross motion. We affirm.

Parties seeking a preliminary injunction must "show a probability of success, danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor" (*Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]; *see Trimboli v Irwin,* 18 AD3d 866, 866-867 [2005]). A court may impose a

constructive trust on property when it finds that there was: "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (*Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *see Cooper, Bamundo, Hecht & Longworth, LLP v Kuczinski,* 14 AD3d 644, 645 [2005]). Here, the affidavits of the founders, a trustee, and a deacon of the plaintiff church established that the plaintiff church had standing and the probability of its success on the merits on its cause of action to impose a constructive trust on the subject property and damages for fraud and conversion (*see Sharp v Kosmalski, supra* at 121, 123; *Neuhauser v Polanco,* 14 AD3d 674, 675 [2005]; *Byrd v Brown,* 208 AD2d 582, 583 [1994]; *Bontecou v Goldman,* 103 AD2d 732, 732-733 [1984]). Conversely, the defendants presented no evidence refuting these allegations (*Neuhauser v Polanco, supra* at 675).

The plaintiff church also established that it would suffer irreparable harm in the absence of injunctive relief and that the balancing of the equities favored it because the defendants could destroy or sell the subject property (*see Aetna Ins. Co. v Capasso, supra* at 862; *Trimboli v Irwin, supra* at 866-867). Thus, the Supreme Court providently exercised its discretion, inter alia, in granting the plaintiff church injunctive relief, ordering an accounting, and denying the defendants' cross motion for summary judgment dismissing the complaint (*see J. A. Preston Corp. v Fabrication Enters.,* 68 NY2d 397, 406 [1986]) Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.