EDWARD KELLEY, Also Known as ADARSI DAS, et al., Appellants, v ARUNA GARUDA, Also Known as ARUNA DEVI DAS, et al., Respondents. [827 NYS2d 293]—

In an action to enjoin an alleged trespass and usurpation of

corporate authority, and for a judgment declaring the rights and interests of the respective parties in the temple of the plaintiff International Society for Krishna Consciousness, Inc., in Freeport, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated October 25, 2004, which denied their motion for a preliminary injunction enjoining the defendants from, inter alia, selling, mortgaging, or otherwise encumbering the property of the plaintiff International Society for Krishna Consciousness, Inc., including the temple, and (2) so much of an order of the same court also dated October 25, 2004, as granted those branches of the defendants' motion which were to dismiss the first and second causes of action.

Ordered that the order dated October 25, 2004, which denied the motion for a preliminary injunction, is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to enjoin the defendants from selling, mortgaging, or otherwise encumbering the property of the plaintiff International Society for Krishna Consciousness, Inc., including the temple, and substituting therefor a provision granting that branch of the motion; as so modified, that order is affirmed; and it is further,

Ordered that the order dated October 25, 2004 granting those branches of the defendants' motion which were to dismiss the first and second causes of action is reversed insofar as appealed from, on the law, and those branches of the motion are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This case involves a property dispute between two factions affiliated with the Long Island Hare Krishna Temple located in Freeport (hereinafter the Temple). The individual parties are members of the International Society for Krishna Consciousness, Inc. (hereinafter ISKCON), a New York religious corporation incorporated in 1966. The property at issue is located at 197 South Ocean Avenue in Freeport and was acquired by ISKCON in 1980.

The Supreme Court granted those branches of the defendants' motion which were to dismiss the first and second causes of action, alleging trespass and usurpation of corporate authority, respectively, finding that, in both causes of action, the plaintiffs had "intertwined the issue[s]" with allegations of heretical practices on the part of the defendants. The court concluded that the causes of action were not justiciable, as any action on them would entail violating the establishment and free exercise clauses of the First Amendment. The Supreme Court erred in its conclusion and in dismissing the two causes of action.

The United States Constitution prohibits the courts from resolving "controversies over religious doctrine and practice" (*Presbyterian Church in U.S. v Mary Elizabeth Blue Hull Memorial Presbyterian Church,* 393 US 440, 449 [1969]; *see Park Slope Jewish Ctr. v Congregation B'nai Jacob,* 90 NY2d 517, 521 [1997]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.,* 62 NY2d 110, 116 [1984], *cert denied* 469 US 1037 [1984]). "Such rulings violate the First Amendment because they simultaneously establish one religious belief as correct for the organization while interfering with the free exercise of the opposing faction's beliefs" (*First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., supra* at 116). Nevertheless, the United States Supreme Court has recognized that "there are neutral principles of law, developed for use in all property disputes, which can be applied without 'establishing' churches to which property is awarded" (*Presbyterian Church v Hull Church, supra* at 449; *see Jones v Wolf,* 443 US 595, 602-603 [1979]; *cf. Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana,* 31 AD3d 541 [2006]).

Here, both sides attempted to engage the court in a dispute over church doctrine and practice. However, in evaluating a motion under CPLR 3211, where, as here, evidentiary material has been considered by the court, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Leon v Martinez,* 84 NY2d 83, 88 [1994]). Despite some language in the pleadings and much argument in the motion papers on religious matters, the causes of action alleging trespass and usurpation are based, essentially, on legal principles of corporate government and property. Resolution of these issues hinges on a determination of who owns and has authority over the Temple and its grounds, the Governing Body Commission of ISKCON or the defendants. The defendants failed to establish that the court could not resolve these issues by applying neutral principles of law to analyze the deed to the property, the certificate of incorporation of ISKCON, the terms of the bylaws, and the documents submitted by the parties, and evaluating the parties' credibility when they testify as to the circumstances surrounding the acceptance of the bylaws, the elections, and the rest of the documents (*see Presbyterian Church v Hull Church, supra* at 449; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., supra* at 122; *Matter of Venigalla v Alagappan,* 307 AD2d 1041, 1042 [2003]; *Matter of Kissel v Russian Orthodox Greek Catholic Holy Trinity Church of Yonkers,* 103 AD2d 830 [1984]). There is no merit to the defendants' alternative grounds for dismissal of the causes of action.

The court improvidently exercised its discretion in denying in its entirety the plaintiffs' motion for a preliminary injunction. Parties seeking a preliminary injunction must "show a probability of success, danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor" (*Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *see Church of God Pentecostal Fountain of Love, MI v Iglesia de Dios Pentecostal, MI*, 27 AD3d 685, 686 [2006]). "The purpose of a preliminary injunction is to maintain the status quo pending determination of the action" (*Coinmach Corp. v Alley Pond Owners Corp.*, 25 AD3d 642, 643 [2006]).

The court's finding that the plaintiffs had not established a likelihood of success on the merits was based on its erroneous determination that the trespass and usurpation of corporate authority causes of action were nonjusticiable. It is clear that the plaintiffs would suffer irreparable injury should the defendants sell, mortgage, or otherwise encumber the property of ISKCON, including the temple, and that an injunction on such action is necessary so as to preserve the status quo (*see Church of God Pentecostal Fountain of Love, MI v Iglesia de Dios Pentecostal, MI, supra; Coinmach Corp. v Alley Pond Owners Corp., supra*).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Florio, Fisher and Dillon, JJ., concur.