■ CITY OF LONG BEACH, Appellant, v STERLING AMERICAN CAPITAL, LLC, et al., Respondents, et al., Defendants. [837 NYS2d 572]— In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCabe, J.), entered April 4, 2006, which denied its motion to preliminarily enjoin Sterling American Capital, LLC, from applying to the Nassau County Treasurer for a tax deed based on Nassau County tax lien certificate number 176 of the 1998 tax lien sale and to enjoin the County of Nassau from conveying a tax deed on the subject property.

Ordered that the order is affirmed, with costs.

The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Glorious Temple Church of God in Christ v Dean Holding Corp.*, 35 AD3d 806 [2006]; *Matter of Merscorp, Inc. v Romaine*, 295 AD2d 431, 432 [2002]). "Parties seeking a preliminary injunction must 'show a probability of success, danger of irreparable injury in the absence of an injunction, and a balance of the equities in their favor' " (*Kelley v Garuda,* 36 AD3d 593, 596 [2007], quoting *Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]; *see Church of God Pentecostal Fountain of Love, MI v Iglesia de Dios Pentecostal, MI,* 27 AD3d 685 [2006]). "The purpose of a preliminary injunction is to maintain the status quo pending determination of the action" (*Kelley v Garuda, supra* at 596, quoting *Coinmach Corp. v Alley Pond Owners Corp.,* 25 AD3d 642, 643 [2006]). The Supreme Court providently exercised its discretion in denying the plaintiff's motion for a preliminary injunction (*see Ginsburg v Ock-A-Bock Community Assn., Inc.,*

34 AD3d 637 [2006]; *cf. Church of God Pentecostal Fountain of Love, MI v Iglesia de Dios Pentecostal, MI, supra* at 687). Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.