■ MERKOS L'INYONEI CHINUCH, INC., et al., Respondents-Appellants, v MENDEL SHARF et al., Defendants, and CONGREGATION LUBAVITCH, INC., Appellant-Respondent. [873 NYS2d 148]—

In an action, inter alia, for declaratory and injunctive relief and for ejectment, the defendant Congregation Lubavitch, Inc., appeals, as limited by its brief, from (1) so much of an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), dated June 19, 2006, as denied its motion to dismiss the complaint insofar as asserted against it, among other things, pursuant to CPLR 3211 (a) (2), granted the plaintiffs' cross motion for summary judgment on the first, third, fourth, fifth, and sixth causes of action, and is in favor of the plaintiffs and against it declaring, inter alia, that the plaintiffs are the owners of certain real property, with all rights, title, and interest therein, and permanently enjoining it, inter alia, from interfering with the plaintiffs' interest in and enjoyment of the subject property, (2) so much of an order of the same court dated June 30, 2006 as denied that branch of its motion which was for leave to renew its motion to dismiss the complaint insofar as asserted against it, and (3) so much of an

order of the same court dated March 27, 2007 as granted the plaintiffs' motion for leave to amend the complaint and denied its motion to dismiss the second amended complaint insofar as asserted against it, among other things, pursuant to CPLR 3211 (a) (2); the plaintiffs cross-appeal, as limited by their brief, from so much of the order dated March 27, 2007 as denied their cross motion for summary judgment on the causes of action to eject the defendant Congregation Lubavitch, Inc., from the subject property.

Ordered that the order and judgment dated June 19, 2006 is modified, on the law, by deleting so much of the first and second decretal paragraphs thereof as awarded permanent injunctive relief in favor of the plaintiffs and against the defendant Congregation Lubavitch, Inc., and "any other person or entity with notice of the injunction"; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 30, 2006 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 27, 2007 is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Agudas Chassidei Chabad (hereinafter Agudas), a religious corporation, and the plaintiff Merkos L'Inyonei Chinuch, Inc. (hereinafter Merkos), a not-for-profit corporation, hold separate title to adjoining parcels of real property located in Brooklyn at 770 Eastern Parkway and 784-788 Eastern Parkway, respectively. Since 1940, 770 Eastern Parkway has served as the headquarters for the movement of Lubavitch Chasidism, a branch of the greater Chasidic movement of Orthodox Judaism. The properties house the central Lubavitch Synagogue, in which the congregation, known formally as Congregation Lubavitch—Agudas Chassidei Chabad, worships. The synagogue is managed by individuals known as the "Gabboim," or trustees, who were originally appointed by the Grand Rebbe and are now elected by the congregation. Neither the Gabboim, individually, nor the congregation itself are parties to this action.

In 1994 Merkos caused a plaque to be affixed to the outer wall of the building at 784-788 Eastern Parkway in honor of the Grand Rebbe, Menachem Mendel Schneerson. The plaque contained an inscription which was offensive to some members of the Lubavitch community for religious reasons. On November 5, 2004 the individual defendants Mendel Sharf, Yaacov Thaler,

and Bentzion Frishman, who are not parties to this appeal, allegedly pried the plaque off the wall of the building during the night. The plaintiffs commenced this action, among other things, to permanently enjoin these individuals from committing further acts of vandalism.

Congregation Lubavitch, Inc. (hereinafter CLI), a not-for-profit corporation that was formed in 1996 by the Gabboim, moved for leave to intervene in the action. CLI's motion was granted and the plaintiffs, with the permission of the Supreme Court, served an amended complaint adding CLI as a defendant and seeking, inter alia, a declaration of their rights with respect to the properties, as well as a permanent injunction against CLI to prevent it from interfering with the plaintiffs' use and enjoyment of the properties. Their pleading subsequently was amended to add two causes of action to recover possession of the premises.

The Supreme Court correctly rejected CLI's contention that the plaintiffs should not have been permitted to add the causes of action to recover possession of the premises. These two causes of action were based upon factual circumstances in existence at the time the original complaint was filed and, thus, the new pleading was an amended complaint, rather than a supplemental complaint (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:9; *see Fuentes v City of New York,* 3 AD3d 549, 550 [2004]; *Pearce v Booth Mem. Hosp.,* 152 AD2d 553, 554 [1989]). Since the second amended complaint was served before CLI interposed an answer with respect to the first amended complaint, the second amended complaint was properly served as of right, pursuant to CPLR 3025 (a) (*see* CPLR 3025 [a]; *Parkway Windows v River Tower Assoc.,* 108 AD2d 660 [1985]; *Walsh v Martin,* 17 AD2d 867 [1962]; *O'Connell v Wilson,* 162 App Div 392 [1914]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.02 [2d ed]).

The Supreme Court also properly denied that branch of CLI's motion which was to dismiss the action as nonjusticiable pursuant to CPLR 3211 (a) (2). "Civil disputes involving religious parties or institutions may be adjudicated without offending the First Amendment as long as neutral principles of law are the basis of their resolution" (*Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana,* 9 NY3d 282, 286 [2007]). Here, the issue of title to the property and the right of possession incident thereto may be decided, as among Merkos, Agudas, and CLI, based upon the deeds to the properties, which vest title, and the concomitant right of possession (*see generally Novelty Crystal Corp. v PSA Institutional Partners, L.P.,* 49 AD3d 113, 117

[2008]). CLI does not challenge the plaintiffs' ownership and has conceded that it is neither a tenant nor a licensee of the plaintiffs. As a result, these issues may be resolved without regard to any religious principles or doctrine and are, therefore, properly cognizable in this action (*see Congregation Yetev Lev D'Satmar, Inc. v Kahana,* 9 NY3d at 286; *Park Slope Jewish Ctr. v Congregation B'nai Jacob,* 90 NY2d 517 [1997]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.,* 62 NY2d 110, 116 [1984]; *Kelley v Garuda,* 36 AD3d 593 [2007]; *Malankara Archdiocese of Syrian Orthodox Church in N. Am. v Thomas,* 33 AD3d 887, 888 [2006]).

Contrary to CLI's argument, the existence of a divisive doctrinal dispute within the Lubavitch community does not render this action nonjusticiable, even if the facts underlying the action arise from that dispute and, as CLI suggests, the commencement of the action was motivated by that dispute. Property disputes between rival religious factions may be resolved by courts, despite the underlying doctrinal controversy, when it is possible to do so on the basis of neutral principles of law (*see Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc. v Congregation Yetev Lev D'Satmar, Inc.,* 9 NY3d 297 [2007]; *Park Slope Jewish Ctr. v Congregation B'nai Jacob,* 90 NY2d 517 [1997]; *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.,* 62 NY2d 110 [1984]; *Kelley v Garuda,* 36 AD3d 593 [2007]; *Malankara Archdiocese of Syrian Orthodox Church in N. Am. v Thomas,* 33 AD3d at 888; *Trustees of Diocese of Albany v Trinity Episcopal Church of Gloversville,* 250 AD2d 282, 286 [1999]; *see generally Jones v Wolf,* 443 US 595, 602 [1979]). The Supreme Court, therefore, properly denied CLI's motion to dismiss the complaint as nonjusticiable.

The Supreme Court also correctly denied that branch of CLI's motion which was for leave to renew its motion to dismiss the complaint insofar as asserted against it. CLI failed to provide a "reasonable justification" for not alleging the "new facts" in its original motion to dismiss the complaint insofar as asserted against it (CPLR 2221 [e] [2], [3]).

Turning to the merits, the Supreme Court correctly granted the plaintiffs' cross motion for summary judgment on their cause of action seeking a declaration that Agudas had all right, title, and interest in the property located at 770 Eastern Parkway, that Merkos had all right, title, and interest in the property located at 784-788 Eastern Parkway, and that CLI had no such right, title, or interest in the premises. It was undisputed that the deeds to those properties vested title in the respective plaintiffs, and CLI admitted that it was neither a ten-

ant nor a licensee of the plaintiffs. The Supreme Court properly rejected CLI's argument that the plaintiffs held the properties in trust. The evidence upon which CLI based that contention, a statement in a newspaper article, did not constitute competent evidence (*see Young v Fleary,* 226 AD2d 454, 455 [1996]), and did not establish the elements of such a claim by CLI (*see Church of God Pentecostal Fountain of Love, MI v Iglesia de Dios Pentecostal, MI,* 27 AD3d 685, 686-687 [2006]). Whether such a trust exists in favor of the congregation is not before us, as the congregation is not a party to this action.

The Supreme Court erred, however, in awarding permanent injunctive relief against CLI. "A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction" (*Icy Splash Food & Beverage, Inc. v Henckel,* 14 AD3d 595, 596 [2005]; *see Kane v Walsh,* 295 NY 198, 205-206 [1946]; *Forest Close Assn., Inc. v Richards,* 45 AD3d 527, 529 [2007]). Injunctive relief is "to be invoked only to give protection for the future . . . [t]o prevent repeated violations, threatened or probable, of the [plaintiffs'] property rights" (*Exchange Bakery & Rest. v Rifkin,* 245 NY 260, 264-265 [1927]).

Here, the plaintiffs failed to demonstrate a threatened or probable violation by CLI of their property rights. Although damage was done to the plaque and to Merkos' building, which was the basis for the plaintiffs' request for an injunction, there is no evidence linking CLI with any of these acts of vandalism. There also is no evidence that any of the individuals who subsequently acted to prevent the plaintiffs from repairing the plaque were associated with CLI. As a result, the plaintiffs did not show that they would be harmed, much less irreparably harmed, absent the injunction against CLI (*see Icy Splash Food & Beverage, Inc. v Henckel,* 14 AD3d at 596; *cf. Wiederspiel v Bernholz,* 163 AD2d 774, 775 [1990]).

CLI's remaining contentions are without merit. Spolzino, J.P., Ritter, Miller and Carni, JJ., concur.