*918 The plaintiff, Board of Managers of the Britton Condominium, commenced this action against the defendant, C.H.PY. Realty Associates, an owner of commercial units in the condominium building, for a judgment declaring that the plaintiff has the right to enter one of those units for the purpose of accessing certain water pipes in order to alter and repair the same. In an order entered February 2, 2011, the Supreme Court granted the plaintiffs motion for a preliminary injunction and directed the defendant to grant the plaintiff access to the subject unit for the purpose of altering and/or repairing certain water pipes. The order was resettled in an order entered September 8, 2011. Additionally, in an order entered June 27, 2011, the Supreme Court, inter alia, denied, in effect, that branch of the defend *919 ant’s motion which was to vacate the preliminary injunction pursuant to CPLR 6314.
“To obtain a preliminary injunction, a movant must establish, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant’s favor” (Arthur J. Gallagher & Co. v Marchese, 96 AD3d 791, 791-792 [2012]; see L & M 353 Franklyn Ave., LLC v S. Land Dev., LLC, 98 AD3d 721 [2012]; 91-54 Gold Rd., LLC v Cross-Deegan Realty Corp., 93 AD3d 649 [2012]). “The purpose of a preliminary injunction is to maintain the status quo pending determination of the action” (Coinmach Corp. v Alley Pond Owners Corp., 25 AD3d 642, 643 [2006]; see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072 [2008]; Kelley v Garuda, 36 AD3d 593, 596 [2007]).
Here, although the plaintiff may ultimately be successful in this action, the resettled order of the Supreme Court entered September 8, 2011, effectively altered the status quo and granted the plaintiff the exact relief which it sought in the complaint (see 306 Rutledge, LLC v City of New York, 90 AD3d 1026 [2011]; SHS Baisley, LLC v Res Land, Inc., 18 AD3d 727, 728 [2005]). Furthermore, the plaintiff failed to demonstrate that it would suffer irreparable harm in the absence of a preliminary injunction (see Trump on the Ocean, LLC v Ash, 81 AD3d 713, 716 [2011]; Mar v Liquid Mgt. Partners, LLC, 62 AD3d 762, 763 [2009]). Accordingly, the plaintiffs motion for a preliminary injunction should have been denied.
The defendant’s remaining contentions either are without merit, need not be reached in light of our determination, or are improperly raised for the first time on appeal. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.