Matter of Alvarez v Annucci (2020 NY Slip Op 04552)





Matter of Alvarez v Annucci


2020 NY Slip Op 04552


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-04287
 (Index No. 3128/18)

[*1]In the Matter of Luis Alvarez, appellant,
v
Anthony J. Annucci, etc., respondent.


Robert S. Dean, New York, NY (Camilla Hsu of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Blair J. Greenwald of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, inter alia, to release the petitioner from Queensboro Correctional Facility, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered November 29, 2018. The order and judgment granted the respondent's motion to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, without costs or disbursements.
In 2016, the petitioner was convicted of sexual abuse in the first degree and was sentenced to a determinate term of imprisonment of three years, to be followed by seven years of postrelease supervision. He reached the maximum expiration date of his prison sentence on October 5, 2017. At that time, the New York State Department of Corrections and Community Supervision (hereinafter DOCCS) transferred him to Fishkill Correctional Facility, then to Queensboro Correctional Facility (hereinafter Queensboro), which DOCCS has designated a residential treatment facility (see 7 NYCRR 100.90[c][3]).
The petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondent, Anthony J. Annucci, Acting Commissioner of DOCCS, inter alia, to comply with his obligations pursuant to Correction Law § 201(5) and 9 NYCRR 8002.7 to assist the petitioner in finding housing located more than 1,000 feet from "school grounds" (Executive Law § 259-c[14]; Penal Law § 220.00[14]), and to release him from Queensboro to either a residential treatment facility, as defined by Correction Law § 2(6), or to approved housing in the community, in compliance with the residency restrictions of the Sexual Assault Reform Act of 2000 (L 2000, ch 1, as amended; hereinafter SARA). During the pendency of the proceeding, DOCCS transferred the petitioner to community housing. The Supreme Court granted the respondent's motion to dismiss the petition and dismissed the proceeding. The court concluded, inter alia, that the proceeding had been rendered academic by the petitioner's release to compliant housing, and that no exceptions to the mootness doctrine applied. The petitioner appeals, seeking reinstatement of the petition and a determination on the merits.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d 878, 880). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries. Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [citation omitted]). Here, the contentions raised in connection with this proceeding have been rendered academic because the petitioner has been released from the residential treatment facility to community housing (see Matter of Kirkland v Annucci, 150 AD3d 736, 737-738). However, an exception to the mootness doctrine is warranted here.
"The mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances" (Matter of Melinda D., 31 AD3d 24, 28; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714). " If academic, an appeal is not to be determined unless it falls within the exception to the doctrine that permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would otherwise be nonreviewable'" (Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d at 880, quoting Matter of Melinda D., 31 AD3d at 28; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714). " The exception to the mootness doctrine requires the existence of three common factors: (1) a likelihood the issue will repeat, either between the same parties or among other members of the public, (2) an issue or phenomenon typically evading appellate review, and (3) a showing of significant or important questions not previously passed upon'" (Matter of Abbygail G. [Christine Y.-Karen M.], 177 AD3d at 880, quoting Matter of Melinda D., 31 AD3d at 28; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Here, all three factors excepting this appeal from the mootness doctrine are present. The issue of whether a certain facility is a legitimate residential treatment facility has already resulted in litigation, is significant, and will typically evade appellate review due to the passage of time during which individuals subject to postrelease supervision, such as the instant petitioner, obtain SARA-compliant housing (see Matter of Gonzalez v Annucci, 32 NY3d 461, 470-471; People ex rel. Rosario v Superintendent, Fiskill Correctional Facility, 180 AD3d 920). Thus, the Supreme Court should have applied the exception to the mootness doctrine and reached the merits of the petitioner's claims. However, we agree with the court's decision to dismiss the proceeding, albeit on different grounds than those stated by the court.
On this record, the petitioner has failed to demonstrate that Queensboro is not a legitimate residential treatment facility for sex offenders, or that DOCCS's determination to place him there was irrational. Moreover, the evidence fails to demonstrate that the conditions of the petitioner's placement at Queensboro were in violation of DOCCS's statutory or regulatory obligations (see Correction Law §§ 2[6], 73[2]).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court