Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp. (2021 NY Slip Op 02150)





Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp.


2021 NY Slip Op 02150


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-07596
 (Index No. 1506/17)

[*1]In the Matter of 144-80 Realty Associates, respondent, 
v
144-80 Sanford Apartment Corp., appellant. Kenneth W. Jiang, New York, NY, for appellant.


Levin & Glasser, P.C., New York, NY (Rubin Jay Ginsburg and Steven I. Levine of counsel), for respondent.



DECISION & ORDER
In a hybrid action, inter alia, to recover damages for breach of contract and proceeding pursuant to CPLR article 78, the defendant/respondent appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered April 5, 2018. The order, insofar as appealed from, granted the plaintiff/petitioner's cross motion, in effect, for summary judgment on the issue of liability on the third, fourth, and fifth causes of action and for summary judgment on the sixth cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff/petitioner (hereinafter 144-80 Realty) is the holder of unsold shares in the cooperative corporation of the defendant/respondent, 144-80 Sanford Apartment Corp. (hereinafter the corporation). In 2017, by order to show cause and petition, 144-80 Realty commenced this hybrid action and proceeding pursuant to CPLR article 78, alleging that the corporation had breached the by-laws and proprietary lease by refusing to issue a new stock certificate and lease for Unit 4B in the names of the proposed purchasers. In an order entered June 27, 2017, the Supreme Court granted so much of 144-80 Realty's motion which was, in the nature of mandamus, to direct the corporation to issue a new stock certificate and lease for Unit 4B and to transfer the shares appurtenant to that unit to the proposed purchasers. Thereafter, the corporation moved pursuant to CPLR 2221 for leave to reargue its opposition to 144-80 Realty's prior motion, contending that the action/proceeding was academic because the proposed purchasers had terminated the contract of sale. 144-80 Realty opposed the corporation's motion for leave to reargue and cross-moved, in effect, for summary judgment on the issue of liability on the third, fourth, and fifth causes of action and for summary judgment on the sixth cause of action, which sought a permanent injunction. In an order entered April 5, 2018, the court granted the corporation's motion for leave to reargue, and upon reargument, in effect, vacated so much of the June 22, 2017 order as granted mandamus relief. The court then granted 144-80 Realty's cross motion, in effect, for summary judgment on the issue of liability on the third, fourth, and fifth causes of action and for summary judgment on the sixth cause of action. The corporation appeals.
"'It is a fundamental principle of our jurisprudence that the power of a court to [*2]declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal'" (Matter of Alvarez v Annucci, 186 AD3d 704, 705, quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "Courts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries." Thus, an appeal is moot unless an adjudication of the merits will result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [citation omitted]). "'The mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances'" (Matter of Alvarez v Annucci, 186 AD3d at 705, quoting Matter of Melinda D., 31 AD3d 24, 28).
Here, contrary to the corporation's contention, the termination of the contract of sale for Unit 4B by the proposed purchasers did not render the entire matter academic. Although the third through sixth causes of action arose from the corporation's breach of the by-laws and proprietary lease by its failure to issue a new stock certificate and lease to the proposed purchasers, the termination of the contract of sale by the proposed purchasers did not reverse, undo, or moot the corporation's breach of the by-laws and proprietary lease in the first instance or the damages, maintenance fees, and attorney's fees that arose therefrom. Thus, a determination of those issues would not be hypothetical or advisory, and a judgment on those causes of action will have immediate and practical consequences to the parties. Furthermore, the termination of the contract of sale had no effect on the sixth cause of action, which sought an injunction permanently enjoining the corporation from refusing to take actions that are required under the by-laws and proprietary lease to facilitate closings concerning the sale of the unsold shares held by 144-80 Realty.
Due to the corporation's breach of the by-laws and proprietary lease, 144-80 Realty established, prima facie, its entitlement to summary judgment on the issue of liability on the third cause of action, which alleged breach of contract, the fourth cause of action, which sought to recover attorneys' fees, and the fifth cause of action, which sought to recover the maintenance fees 144-80 Realty was forced to pay. In opposition, the corporation failed to raise a triable issue of fact.
"'A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction'" (Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 408, quoting Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596). Injunctive relief should be invoked only to protect against future, repeated violations of a party's rights (see Exchange Bakery & Rest. v Rifkin, 245 NY 260, 264-265). Here, 144-80 Realty established, prima facie, that the corporation was continuing to breach the by-laws and proprietary lease despite the ongoing litigation and that an injunction was necessary to prevent continuing violations of 144-80 Realty's property rights under the by-laws and proprietary lease. In opposition, the corporation failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court properly granted 144-80 Realty's cross motion, in effect, for summary judgment on the issue of liability on the third, fourth, and fifth causes of action and for summary judgment on the sixth cause for action.
The corporation's remaining contention is without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court