Gelaj v Gelaj (2023 NY Slip Op 02777)

Gelaj v Gelaj

2023 NY Slip Op 02777

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-02852
2020-02853
 (Index No. 58711/15)

[*1]Miter Gelaj, etc., et al., respondents, 
v
Ndue Gelaj, etc., et al., appellants.

Handel & Carlini, LLP, Poughkeepsie, NY (Anthony C. Carlini, Jr., and Christina Tomaselli of counsel), for appellants.
Zarin & Steinmetz LLP, White Plains, NY (Jacob E. Amir of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendants appeal from (1) a decision and order (one paper) of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated January 10, 2020, and (2) a judgment of the same court entered February 6, 2020. The decision and order, after a nonjury trial, inter alia, denied that branch of the defendants' motion which was to preclude the introduction of certain evidence related to prior litigation between the parties. The judgment, insofar as appealed from, upon the decision and order, declared that the plaintiffs, the defendant Ndue Gelaj, and nonparty Marko Gelaj are the shareholders of the defendant Deer Pond, Inc., that a deed dated March 25, 2015, purporting to convey the subject property to the defendant Ndue Gelaj is void, and that title and ownership of the subject property is restored to the defendant Deer Pond, Inc.
ORDERED that the appeal from the decision and order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the decision and order dated January 10, 2020, must be dismissed. The right of direct appeal from so much of the decision and order as determined a motion made on notice terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248), and the remaining portion of the decision and order constitutes a decision from which no appeal lies (see Schicchi v J.A. Green Constr. Co., 100 AD2d 509). To the extent that the issues raised on the appeal from the decision and order are brought up for review on the appeal from the judgment, they have been considered in connection with that appeal (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The defendant Deer Pond, Inc. (hereinafter Deer Pond), was incorporated in 1986. According to the plaintiffs, Miter Gelaj and Maria Gelaj-Kajtazi, at the time of its formation, Deer [*2]Pond had four shareholders: the plaintiffs, the defendant Ndue Gelaj (hereinafter Ndue), and nonparty Marko Gelaj (hereinafter Marko), all of whom are siblings. In 1986, Deer Pond purchased certain real property located in Amawalk. By deed dated March 25, 2015, the property was purportedly conveyed from Deer Pond to Ndue (hereinafter the 2015 deed).
Thereafter, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to the property. After a nonjury trial, the Supreme Court determined that the plaintiffs, Ndue, and Marko are the four shareholders of Deer Pond, and that the 2015 deed is void. The defendants appeal.
"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (O'Brien v Dalessandro, 43 AD3d 1123, 1123 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Gomez v Eleni, LLC, 122 AD3d 797, 798). Where the court's findings of fact "rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Neiss v Fried, 127 AD3d 1044, 1046 [internal quotation marks omitted]; see Gomez v Eleni, LLC, 122 AD3d at 798).
"'The mere fact that the corporation did not issue any stock certificates [to an individual] does not preclude a finding that [the individual] has the rights of a shareholder'" (Kun v Fulop, 71 AD3d 832, 833, quoting French v French, 288 AD2d 256, 256; see Zwarycz v Marnia Constr., Inc., 130 AD3d 922, 923; Matter of Benincasa v Garrubbo, 141 AD2d 636, 638). "'In the absence of a share certificate . . . a court must determine from other available evidence whether a putative shareholder in fact and law enjoys that status'" (Kun v Fulop, 71 AD3d at 833, quoting Matter of Pappas v Corfian Enters., Ltd., 22 Misc 3d 1113[A], 2009 NY Slip Op 50109[U], *3 [Sup Ct, Kings County]).
Here, the evidence submitted at trial by the plaintiffs, which included both testimony and documentation, supported the Supreme Court's determinations that the plaintiffs, Ndue, and Marko are the shareholders of Deer Pond, and that the 2015 deed purportedly conveying the property to Ndue is void. We perceive no reason to disturb the court's determinations in this regard (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499).
The defendants' remaining contentions are without merit.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court