Punchar v Bishop (2024 NY Slip Op 04086)

Punchar v Bishop

2024 NY Slip Op 04086

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-04417
2022-06550
 (Index No. 52426/18)

[*1]Keith Punchar, et al., respondents,
v
Michael Bishop, et al., appellants.

Law Office of Kevin M. MacKay, PLLC, Poughkeepsie, NY, for appellants.
Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a permanent injunction and to recover damages for negligent infliction of emotional distress, the defendants appeal from (1) a decision of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated May 6, 2022, and (2) a judgment of the same court dated June 28, 2022. The judgment, upon the decision, made after a nonjury trial, is in favor of the plaintiffs and against the defendants on the cause of action for a permanent injunction directing that (1) the burning of brush and/or other debris on the defendants' property is limited to twice per year and shall be conducted only in the portion of the backyard that is the furthest point from the plaintiffs' property, (2) the use of a fire pit on the defendants' property shall be smokeless and its use shall be limited to approximately 15 times per year as constituting a reasonable amount, and (3) the injunctive provisions of the judgment shall be binding upon all subsequent owners of the defendants' property, and, in effect, is in favor of the plaintiff Kimberly Punchar and against the defendants on the issue of liability on the cause of action alleging negligent infliction of emotional distress.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v. J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof directing that the injunctive provisions of the judgment shall be binding upon all subsequent owners of the defendants' property; as so modified, the judgment is affirmed, without costs or disbursements.
The plaintiffs, Keith Punchar and Kimberly Punchar, own residential property situated across the street from the defendants' five-acre property. The defendants made fires by burning brush on their property and by using a fire pit on their property. The plaintiffs commenced this action, inter alia, for a permanent injunction and to recover damages for negligent infliction of emotional distress, alleging that smoke generated by the defendants' fires drifted onto their property and into their house. After a nonjury trial, the Supreme Court determined that the defendants were liable for negligent infliction of emotional distress with respect to Kimberly Punchar and granted [*2]permanent injunctive relief. The court directed that the burning of brush and/or other debris on the defendants' property is limited to twice per year and shall be conducted only in the portion of the defendants' backyard that is furthest from the plaintiffs' property, that the use of a fire pit on the defendants' property shall be smokeless and its use shall be limited to a reasonable amount, which the court defined as approximately 15 times per year, and that those restrictions shall be binding upon all subsequent owners of the defendants' property. The defendants appeal.
"'[A] decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence'" (Kahan v Sulaymanov, 24 AD3d 612, 613, quoting Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe, 5 AD3d 517, 518). "'In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses'" (Gelaj v Gelaj, 216 AD3d 1082, 1083, quoting O'Brien v Dalessandro, 43 AD3d 1123, 1123). "Where the court's findings of fact 'rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations'" (Gelaj v Gelaj, 216 AD3d at 1083, quoting Neiss v Fried, 127 AD3d 1044, 1046).
"'A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety'" (Chiesa v McGregor, 209 AD3d 963, 966, quoting Borrerro v Haks Group, Inc., 165 AD3d 1216, 1219). "A landowner may be held liable to third persons for the condition of real property where the owner has created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan, construction, location, disrepair or otherwise" (Giorgio v Pilla, 100 AD3d 826, 827; see Fetter v DeCamp, 195 AD2d 771). "A landowner who engages in activities that may cause injury to persons on adjoining premises surely owes those persons a duty to take reasonable precautions to avoid injuring them" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 290).
Here, the Supreme Court's determination that the defendants were liable to Kimberly Punchar for negligent infliction of emotional distress is supported by the record. The defendants, as landowners, did not exercise reasonable precautions during their burning to avoid injuring Kimberly Punchar, a neighboring landowner, by repeatedly creating fires that resulted in smoke entering her property and her house (cf. id.). Accordingly, we find no reason to disturb the court's determination as to the defendants' liability for negligent infliction of emotional distress.
"'A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction'" (Matter of Long Is. Power Auth. Hurricane Sandy Litig., 134 AD3d 1119, 1120, quoting Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 408). "Injunctive relief is to be invoked only to give protection for the future . . . [t]o prevent repeated violations, threatened or probable, of the [plaintiffs'] property rights" (Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d at 408 [internal quotation marks omitted]).
Contrary to the defendants' contention, the Supreme Court properly granted injunctive relief limiting the defendants' burning of brush and/or other debris and their use of a fire pit on their property. The court erred, however, in directing that the injunctive provisions of the judgment shall be binding upon all subsequent owners of the defendants' property. The plaintiffs did not demonstrate that they would be harmed, much less irreparably harmed, absent the injunctive relief being binding upon all subsequent owners of the defendants' property (see id.).
Accordingly, we modify the judgment by deleting the provision thereof directing that the injunctive provisions of the judgment shall be binding upon all subsequent owners of the defendants' property, and otherwise affirm the judgment.
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court