DeFilippo v Lamonica (2025 NY Slip Op 04628)

DeFilippo v Lamonica

2025 NY Slip Op 04628

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-11781
 (Index No. 150116/22)

[*1]Gary R. DeFilippo, appellant, 
v
Anthony J. Lamonica, respondent.

Law Offices of Gary R. DeFilippo, P.C., Staten Island, NY (Gary R. DeFilippo pro se of counsel), for appellant.
Sgarlato & Sgarlato, PLLC, Staten Island, NY (Gina M. Sgarlato of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated October 20, 2023. The judgment, after a nonjury trial on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for assault and battery stemming from an altercation that occurred between the parties. After a nonjury trial during which the parties presented conflicting versions of the altercation, the Supreme Court determined that the plaintiff failed to establish the defendant's liability by a preponderance of the evidence. Subsequently, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Gelaj v Gelaj, 216 AD3d 1082, 1083 [internal quotation marks omitted]; see Tornheim v Kohn, 31 AD3d 748, 748). Here, the Supreme Court's determination that the plaintiff failed to establish his case by a preponderance of the evidence rested in large measure upon its assessment of the plaintiff's credibility. Moreover, the testimony of the plaintiff's expert did not corroborate that the plaintiff's alleged injury occurred in the manner testified to by the plaintiff. "[A]ffording the Supreme Court's credibility determinations due deference" (Ali v Rahaman, 224 AD3d 721, 722), the court's determination is supported by the evidence adduced at trial and there is no reason to disturb it.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court