Coden v Oyster Bay Mgt. Co., LLC (2026 NY Slip Op 01762)

Coden v Oyster Bay Mgt. Co., LLC

2026 NY Slip Op 01762

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-06189
 (Index No. 639/17)

[*1]Jennifer Coden, et al., appellants-respondents,
vOyster Bay Management Co., LLC, et. al., respondents-appellants.

Law Offices of Jennifer L. Coden, PLLC, Woodbury, NY (Jennifer L. Coden, named herein as Jennifer Coden, pro se of counsel), for appellants-respondents.
Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondents-appellants Oyster Bay Management Co., LLC, Lessing's Food Service Management Corp., Lessing's Franchise Group, Inc., Lessing's NY Corp., Lessing's Restaurant Services, Inc., and Lessing's, Inc., and Michael L. McCarthy, Huntington, NY, for respondent-appellant Namresi Construction & Development Corp. (one brief filed).

DECISION & ORDER
In an action to recover damages for private nuisance and for injunctive relief, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Suffolk County (David T. Reilly, J), dated June 14, 2021. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the amended complaint. The order, insofar as cross-appealed from, denied the defendants' cross-motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs are owners of residential properties on Spring Street in Cold Spring Harbor in the Town of Huntington within the residential R-80 District. The defendants own and/or operate a business on properties located on Main Street in Cold Spring Harbor that are "split-zoned" between a commercial district on Main Street and the R-80 District on Spring Street. In 2017, the plaintiffs commenced this action against the defendants to recover damages for private nuisance and for permanent injunctive relief to enjoin alleged violations of the Huntington Town Code. The plaintiffs moved for summary judgment on the amended complaint, and the defendants cross-moved for summary judgment dismissing the amended complaint. In an order dated June 14, 2021, the Supreme Court denied the plaintiffs' motion and the defendants' cross-motion. The plaintiffs appeal, and the defendants cross-appeal.
The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the causes of action to recover damages for private nuisance, and properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the private nuisance causes of action. "The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a [*2]person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Del Vecchio v Gangi, 225 AD3d 666, 668; see Schulz v Dattero, 104 AD3d 831). "Except for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury, unless the evidence is undisputed" (Del Vecchio v Gangi, 225 AD3d at 668 [internal quotation marks omitted]).
Here, the plaintiffs failed to establish their entitlement to judgment as a matter of law by adducing sufficient evidence that the interference with their use and enjoyment of their properties was substantial in nature and unreasonable in character. Similarly, the defendants failed to establish their entitlement to judgment as a matter of law by eliminating all triable issues of fact as to whether the conditions alleged by the plaintiffs constituted a private nuisance and whether the defendants caused the alleged nuisance (see Aristides v Foster, 73 AD3d 1105).
"[W]hen a continuing use [of property] flies in the face of a valid zoning restriction, it must . . . be enjoined unconditionally" (Little Joseph Realty v Town of Babylon, 41 NY2d 738, 745). Nevertheless, "[a] permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent injunction" and "should be invoked only to protect against future, repeated violations of a party's rights" (Matter of 144-80 Realty Assoc. v. 144-80 Sanford Apt. Corp., 193 AD3d 723, 725 [internal quotation marks omitted]). Here, the evidence submitted by the plaintiffs in support of that branch of their motion which was for summary judgment on the causes of action for a permanent injunction and by the defendants in support of that branch of their cross-motion which was for summary judgment dismissing those causes of action failed to eliminate triable issues of fact as to whether a permanent injunction would be necessary under the circumstances of this case. Accordingly, the Supreme Court properly denied the respective branches of the motion and cross-motion.
The defendants' remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court