■ LZG Realty, LLC, et al., Appellants-Respondents, v H.D.W. 2005 Forest, LLC, Defendant/Third-Party Plaintiff-Respondent, Eli Weinstein, Respondent, and Benjamin Hager et al., Defendants/Third-Party Defendants-Respondents-Appellants, et al., Defendants. Bonanno Realty, LLC, et al., Third-Party Defendants-Appellants-Respondents. (Action No. 1.) Bonanno Realty, LLC, et al., Appellants-Respondents, v H.D.W. 2005 Forest, LLC, et al., Respondents, and LZG Realty, LLC, et al., Appellants-Respondents, et al., Defendants. (Action No. 2.) [929 NYS2d 595]—

On April 1, 2005, H.D.W. 2005 Forest, LLC (hereinafter HDW), purchased a 2.04-acre parcel of real property on Forest Avenue on Staten Island (hereinafter the property) for approximately $5 million. On November 9, 2005, HDW obtained a $2 million loan from Bonanno Realty, LLC (hereinafter Bonanno), and Congregation Imrei Yehuda (hereinafter the Congregation), secured by a mortgage on the property (hereinafter the Bonanno/Congregation mortgage). At the closing on the Bonanno/Congregation mortgage, HDW appeared by Eli Weinstein and his attorney, Benjamin Hager, who presented documents that showed that Weinstein was the sole member of HDW, and that Weinstein was authorized to execute the promissory note, loan documents, and the mortgage on behalf of HDW. On March 24, 2006, HDW obtained a second mortgage loan in the amount of $2 million from LZG Realty, LLC (hereinafter LZG), and Tissa Funding Corp. (hereinafter Tissa) based on similar documents (hereinafter the LZG/Tissa mortgage).

When HDW defaulted on the LZG/Tissa mortgage, LZG and Tissa commenced an action, inter alia, for foreclosure and declaratory relief (hereinafter action No. 1). LZG and Tissa subsequently amended their complaint to add, inter alia, a cause of action sounding in legal malpractice against Hager and his law firm, Mallow, Konstam & Hager, P.C. (hereinafter together the Hager defendants). HDW thereafter commenced a third-party action against the Hager defendants, Bonanno, and the Congregation, inter alia, to recover damages for legal malpractice. When HDW defaulted on the Bonanno/Congregation mortgage, Bonanno and the Congregation (hereinafter collectively with LZG and Tissa the mortgagees) commenced an action for foreclosure and declaratory relief (hereinafter action No. 2). action No. 1 and action No. 2 were subsequently joined for the purpose of discovery and trial.

HDW moved, inter alia, for summary judgment declaring that the mortgage documents were invalid and unenforceable, and dismissing the complaints in the foreclosure actions. In essence, HDW argued that the two subject mortgages were void ab initio because Harvey D. Wolinetz, not Weinstein, was the sole member of HDW, and the only person authorized to encumber the property on behalf of HDW. LZG and Tissa moved for summary judgment, inter alia, declaring that the LZG/Tissa mortgages were valid and enforceable. Bonanno and the Congregation made a separate motion for summary judgment seeking the identical relief with respect to the Bonanno/Congregation mortgage.

Contrary to the Supreme Court's conclusion, the two mortgages in dispute are valid. Here, the mortgagees established their prima facie entitlement to judgment as a matter of law on the issue of the validity of the mortgages by producing the mortgages, and HDW failed to raise a triable issue of fact that would preclude the Supreme Court from awarding summary judgment. Contrary to HDW's contention, Weinstein and his attorney, Hager, produced several documents at the mortgage closings, including the operating agreement for HDW, which stated, in relevant part, that Weinstein was the sole member of the company and that he had the authority to "[i]ncur any mortgage." As far as the mortgagees are concerned, the law is clear that they do not have a duty of care to ascertain the validity of the documentation presented by an individual who claims to have the authority to act on behalf of a borrower corporation or entity (see Tenenbaum v Gibbs, 27 AD3d 722, 723 [2006]; RKH Holding Corp. v 207 Second Ave. Realty Corp., 236 AD2d 254, 255 [1997]; Banque Nationale de Paris v 1567 Broadway

*Ownership Assoc.*, 214 AD2d 359, 360 [1995]; *First Am. Tit. Ins. Co. of N.Y. v Kevlin*, 203 AD2d 681, 682 [1994]). Accordingly, the mortgages are valid.

In a letter dated May 9, 2011, the Hager defendants informed this Court that they and HDW had settled the first cause of action alleging legal malpractice asserted against them in the third-party complaint and that, consequently, they were declining to prosecute their cross appeal from so much of the Supreme Court's order as denied that branch of their cross motion which was for summary judgment dismissing that third-party cause of action. Summary judgment dismissing the third-party complaint in its entirety must, thus, be awarded to all of the third-party defendants in action No. 1 since: (1) HDW has settled the first cause of action alleging legal malpractice; (2) the Supreme Court awarded summary judgment dismissing the second cause of action alleging fraud on the ground that HDW does not have standing to raise that claim, which involved an unrelated real estate transaction, and no party appealed that determination; (3) the mortgages are valid, thus defeating HDW's right to relief pursuant to the third cause of action in the third-party complaint; and (4) the Supreme Court awarded summary judgment dismissing the fourth cause of action alleging slander of title, and no party appealed that determination.

In addition, summary judgment dismissing all of the causes of action and cross claims for contribution must be awarded to the Hager defendants because HDW settled the legal malpractice claim, and the remaining grounds for seeking contribution, as set forth in the pleadings, are no longer viable (*see Rosner v Paley*, 65 NY2d 736, 736 [1985]; *Crimi v Black*, 219 AD2d 610, 611 [1995]). Similarly, there is no express or implied contract that would give rise to a cause of action for indemnification (*see County of Westchester v Welton Becket Assoc.*, 102 AD2d 34, 42 [1984], *affd* 66 NY2d 642 [1985]; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 786 [1983]).

Moreover, the mortgagees' appeal from the order dated July 20, 2010, which denied their joint motion to strike the Hager defendants' demand for a jury trial, must be dismissed since it has been rendered academic in light of our determination awarding summary judgment dismissing the third-party complaint in its entirety (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714 [1980]; *Matter of General Bldg. Contrs. of N.Y. State v Egan*, 106 AD2d 688, 690 [1984]), inasmuch as a determination of that appeal will not have any practical effect on the existing controversy (*see Habe v Triola*, 154 AD2d 437 [1989]; *Lighting Horizons v Kahn & Co.*, 120 AD2d 648, 649 [1986]).

Since these are, in part, declaratory judgment actions, the matters must be remitted to the Supreme Court, Richmond County, for the entry of judgments, inter alia, declaring that the mortgages are valid and enforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions are without merit. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur. **[Prior Case History: 27 Misc 3d 1229(A), 2010 NY Slip Op 50958(U).]**