■ 334 CORP. et al., Respondents, v JERICHO PLAZA, LLC, et al., Appellants, et al., Defendants. [10 NYS3d 111]—

In an action to foreclose a mortgage, the defendants Jericho Plaza, LLC, and Silvia Cerrone appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated March 19, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiffs' cross motion for summary judgment dismissing their affirmative defenses which were based upon the alleged invalidity of the mortgage by reason of Silvia Cerrone's undisclosed interest in Jericho Plaza, LLC.

Ordered that the order is affirmed, with costs.

The operating agreement of the defendant Jericho Plaza, LLC (hereinafter the LLC), which was formed to build and sell new homes, provided that Silvia Cerrone held a 50% interest, that her son-in-law Giuliano Botticelli held a 25% interest, and that his father, Anthony Botticelli, held a 25% interest in the LLC. The LLC obtained a $600,000 loan, secured by a mortgage on the only property it owned. At the closing, Giuliano Botticelli presented documents indicating that he was the sole member of the LLC, and was authorized to execute the mortgage on its behalf. Thereafter, the plaintiffs commenced this foreclosure action against the LLC and others. Silvia Cerrone successfully moved to intervene. The LLC and Silvia Cerrone (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the mortgage was invalid by reason of Cerrone's undisclosed interest in the LLC, and the plaintiffs cross-moved for summary judgment dismissing the defendants' affirmative defenses which were based upon the alleged invalidity of the mortgage.

A mortgagee is not a bona fide encumbrancer where, despite being aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue, it fails to make such inquiries (*see Lebovits v Bassman*, 120 AD3d 1198 [2014]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015 [2010]). However, mortgagees "do not have a duty of care to ascertain the validity of the documentation presented by an individual who claims to have the authority to act on behalf of a borrower corporation or entity" (*LZG Realty, LLC v H.D.W. 2005 Forest, LLC*, 87 AD3d 727, 729 [2011]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses which were based upon the alleged invalidity of the mortgage, by submitting evidence demonstrating that Giuliano Botticelli submitted documents at the closing which indicated that he was the sole member of the LLC, and had the authority to enter into the mortgage on its behalf. Moreover, the plaintiffs established, prima facie, that the circumstances presented would not lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue. In opposition, the defendants failed to raise a triable issue of fact (*see LZG Realty, LLC v H.D.W. 2005 Forest, LLC*, 87 AD3d 727 [2011]). Contrary to the defendants' contention, the provisions of the Limited Liability Company Law did not require any different or further due diligence under the circumstances (*see* Limited Liability Company Law §§ 402 [c]; 412 [a]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and properly granted the plaintiffs' cross motion for summary judgment dismissing the defendants' affirmative defenses where were based upon the alleged invalidity of the mortgage. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.