■ CITIMORTGAGE, INC., Plaintiff/Counterclaim Defendant-Respondent, v KENNETH CALDARO et al., Defendants, and R.V.P. ASSOCIATES, LLC, Defendant/Counterclaim Plaintiff-Appellant. [44 NYS3d 138]—

In an action, inter alia, in effect, for a judgment declaring that the plaintiff's mortgage on the subject property is valid, and to compel the defendant R.V.P. Associates, LLC, to execute a duplicate original of a deed to the subject property and all documents necessary to record the deed, in which the defendant R.V.P. Associates, LLC, counterclaimed for a judgment vacating the mortgage of record, the defendant R.V.P. Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated June 2, 2015, as granted those branches of the plaintiff's motion which were, in effect, for summary judgment declaring that the plaintiff's mortgage on the subject property is valid and for summary judgment compelling the defendant R.V.P. Associates, LLC, to execute a new deed transferring the subject property known as 590 Villa Avenue to the defendants Kenneth Caldaro and Vicky Caldaro, or directing the Clerk of Richmond County to record a copy of the original deed to the defendants Kenneth Caldaro and Vicky Caldaro, and dismissing the counterclaim of the defendant R.V.P. Associates, LLC, for a judgment vacating the mortgage of record.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's mo-

tion which was for summary judgment compelling the defendant R.V.P. Associates, LLC, to execute a new deed transferring the subject property known as 590 Villa Avenue to the defendants Kenneth Caldaro and Vicky Caldaro, or directing the Clerk of Richmond County to record a copy of the original deed to the defendants Kenneth Caldaro and Vicky Caldaro, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings on the complaint, and thereafter, the entry of a judgment, inter alia, declaring that the plaintiff's mortgage on the subject property is valid.

On August 3, 2006, the defendant Vicky Caldaro, as "member" of the defendant R.V.P. Associates, LLC (hereinafter RVP), executed, on behalf of RVP, a quitclaim deed transferring the subject property, located at 590 Villa Avenue in Staten Island, from RVP to herself and the defendant Kenneth Caldaro. That same day, Quicken Loans, Inc. (hereinafter Quicken), lent the Caldaros $233,000, and the Caldaros gave Quicken a mortgage on the subject property. Although the mortgage was recorded, the deed and accompanying registration and tax forms were not recorded, and the original, signed documents were lost. The mortgage was subsequently assigned to the plaintiff.

On June 3, 2011, the plaintiff commenced this action, inter alia, in effect, for a judgment declaring that the plaintiff's mortgage on the subject property is valid and to compel RVP to execute a duplicate original of the deed to the subject property and all documents necessary to record the deed. In its answer, RVP alleged that the transfer by RVP to the Caldaros was not authorized by a valid resolution and the Caldaros did not have the authority to encumber the property. RVP counterclaimed for a judgment vacating the mortgage of record.

The plaintiff moved, inter alia, for summary judgment, noting that RVP's Statement of Organization filed with the New York State Department of State only referred to Vicky Caldaro as a member of RVP. In opposition, RVP asserted that pursuant to the last will and testament of Antonietta Buonviaggio, a prior owner of the subject property, the subject property was divided 25% to Patrick Buonviaggio, 25% to Vicky Caldaro, and 50% to Rita Meissner. The subject property was deeded to RVP in July 2005 by Olga Di Giovanniello as executrix of the estate of Antoinette Buonviaggio. In its 2008 income tax return, RVP stated that Patrick Buonviaggio, Vicky Caldaro, and Rita Meissner were partners in RVP. In depositions, Rita Meissner

and Patrick Buonviaggio both asserted that Vicky Caldaro had only owned a 25% interest in RVP, and she relinquished that interest once this controversy over the mortgage erupted. The plaintiff, in reply, claimed that it was a bona fide encumbrancer for value.

The Supreme Court, in the order appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the ground that the plaintiff was a bona fide encumbrancer for value pursuant to Real Property Law § 266. The court directed "the re-execution of a new deed transferring premises 590 Villa Avenue, Staten Island, New York from defendant R.V.P. ASSOCIATES, LLC to defendants KENNETH CALDARO AND VICKY CALDARO or to direct the Office of the City Register ('Richmond County') to record a copy of the original deed." RVP appeals, and we modify.

In support of its motion for summary judgment, the plaintiff established, prima facie, that Vicky Caldaro had apparent authority to execute the deed on behalf of RVP. Vicky Caldaro was the only person or entity listed as a member of RVP on RVP's Statement of Organization filed with the State. The members of RVP never signed an operating agreement, which would have listed them as members. Based upon the documents presented, it appeared that Vicky Caldaro had the authority to execute the deed on behalf of RVP, and in opposition to the motion, RVP failed to raise a triable issue of fact as to Vicky Caldaro's apparent authority to execute the deed. Therefore, the plaintiff is a bona fide encumbrancer for value since Quicken, the plaintiff's assignor, did not have notice of any fraudulent intent of its immediate grantor (*see* Real Property Law § 266; *Fleming-Jackson v Fleming*, 41 AD3d 175 [2007]), and the Supreme Court properly granted those branches of the plaintiff's motion which were, in effect, for summary judgment declaring that the plaintiff's mortgage on the subject property is valid and dismissing RVP's counterclaim for a judgment vacating the mortgage of record.

However, in support of that branch of its motion which was for summary judgment compelling RVP to execute a new deed transferring the subject property, or directing the Clerk of Richmond County to record a copy of the original deed to the Caldaros, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. In any event, in opposition, RVP raised a triable issue of fact as to whether Vicky Caldaro lacked actual authority to deed the subject property from RVP to herself and Kenneth Caldaro. Accordingly, that branch of the plaintiff's motion which was for summary judg-

ment compelling RVP to execute a new deed transferring the subject property known as 590 Villa Avenue to Kenneth Caldaro and Vicky Caldaro, or directing the Clerk of Richmond County to record a copy of the original deed to Kenneth Caldaro and Vicky Caldaro should have been denied.

Accordingly, we remit the matter to the Supreme Court, Richmond County, for further proceedings on the complaint, and since this is, in part, a declaratory judgment action, for the entry of a judgment thereafter, inter alia, declaring that the plaintiff's mortgage on the subject property is valid (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.