Serrone v City of New York (2020 NY Slip Op 02490)





Serrone v City of New York


2020 NY Slip Op 02490


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-09547
 (Index No. 17214/12)

[*1]Janice E. Serrone, et al., appellants, 
v
City of New York, respondent.


Goldstein, Rikon, Rikon & Houghton, P.C., New York, NY (Michael Rikon, Jonathan Houghton, and Ashley Levy of counsel), for appellants.
Carter Ledyard & Milburn LLP, New York, NY (John R. Casolaro, Lee A. Ohliger, and Michael H. Bauscher of counsel), for respondent.



DECISION & ORDER
In an action pursuant to EDPL 702(B) for an award of an attorney's fee and the reimbursement of costs allegedly incurred in connection with a prior proceeding commenced pursuant to EDPL 207(A), the plaintiffs appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered August 17, 2017. The order denied that branch of the plaintiffs' motion which was for leave to renew their opposition to that branch of the defendant's motion which was to compel the plaintiffs to appear for depositions, which had been granted in an order of the same court dated November 21, 2016, and granted the defendant's cross motion for summary judgment dismissing the complaint to the extent of directing dismissal of the complaint in the event the plaintiffs failed to appear for depositions on or before a set future date.
ORDERED that the order entered August 17, 2017, is affirmed, with costs.
The plaintiffs commenced a special proceeding pursuant to, inter alia, EDPL 702(B), seeking, among other things, an award of an attorney's fee and other costs. The special proceeding was later converted into this plenary action. In an order dated November 21, 2016, the Supreme Court granted that branch of the defendant's motion which was to compel the plaintiffs to appear for depositions. The plaintiffs then moved, inter alia, for leave to renew their opposition to that branch of the defendant's motion and submitted new evidence which they argued demonstrated that the plaintiffs were prohibited from participating in discovery in the instant action. The defendant cross-moved for summary judgment dismissing the complaint on the ground that the plaintiffs had failed to comply with the order dated November 21, 2016. In an order entered August 17, 2017, the court denied that branch of the plaintiffs' motion which was for leave to renew and granted the defendant's cross motion for summary judgment dismissing the complaint to the extent of directing dismissal of the complaint in the event the plaintiffs failed to appear for depositions on or before a set date. The plaintiffs appeal. We affirm.
Pursuant to CPLR 2221(e), "a motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (State Farm Mut. [*2]Auto. Ins. Co. v Hertz Corp., 43 AD3d 907, 908). Here, the purported new evidence would not have changed the prior determination and the plaintiffs failed to present a reasonable justification for failing to present the facts in the prior motion (see Fast Track Process Serving Corp. v Seepersad, 131 AD3d 1201, 1202; PII Sam, LLC v Mazzurco, 121 AD3d 1063, 1064). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion which was for leave to renew.
Further, the Supreme Court providently exercised its discretion in granting the defendant's cross motion for summary judgment dismissing the complaint to the extent of directing dismissal of the complaint in the event the plaintiffs failed to appear for depositions on or before a set date based upon the plaintiffs' refusal to comply with a prior order of the court compelling depositions (see CPLR 3126; Flores v Velez, 111 AD3d 599; Raville v Elnomany, 76 AD3d 520).
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.

2017-09547 DECISION & ORDER ON MOTION
Janice E. Serrone, et al., appellants, v City of New
York, respondent.
(Index No. 17214/12)

Cross motion by the respondent to dismiss an appeal from so much of an order of the Supreme Court, Queens County, entered August 17, 2017, as denied that branch of a motion by the appellants which was for leave to renew, on the ground that the subject branch of the motion was, in effect, for leave to reargue, the denial of which is not appealable. By decision and order on motion of this Court dated November 16, 2017, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the cross motion is denied.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court