Lucky's Real Estate Group, LLC v Powell (2020 NY Slip Op 07556)





Lucky's Real Estate Group, LLC v Powell


2020 NY Slip Op 07556


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10765 
2019-00673
 (Index No. 502603/14)

[*1]Lucky's Real Estate Group, LLC, et al., appellants,
v
Lawrence L. Powell, Jr., et al., defendants, WFG National Title Company, respondent.


Johnson Liebman, LLP, New York, NY (Charles D. Liebman of counsel), for appellants.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Julie Levine of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a deed and cancel a mortgage, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 11, 2018, and (2) an order of the same court dated December 19, 2018. The order dated July 11, 2018, denied the plaintiffs' motion for summary judgment on the complaint. The order dated December 19, 2018, denied the plaintiffs' motion for leave to renew their motion for summary judgment on the complaint.
ORDERED that the orders are affirmed, with costs.
In March 2014, the plaintiffs Lucky's Real Estate Group, LLC (hereinafter Lucky's), and Lucky Conti (hereinafter together the plaintiffs) commenced this action, inter alia, to set aside a deed and cancel a mortgage on real property owned by Lucky's in Brooklyn (hereinafter the property). According to the plaintiffs, in August 2013, the defendant Lawrence Powell, Jr., fraudulently held himself out as a member and representative of Lucky's, and purported to sell the property to the defendants Kanwarjeet Malik and K.D. 1 Realty & Consulting, Inc. (hereinafter KD1). The plaintiffs alleged that KD1 financed the purchase with a loan from the defendant Alpahema Capital, LLC (hereinafter Alpahema), secured by a mortgage on the property. The plaintiffs also alleged that the defendant WFG National Title Company (hereinafter the Title Company) insured Alpahema's loan, through the defendant Eastcor Land Services, Inc. (hereinafter Eastcor). The plaintiffs also alleged that Conti was the sole member of Lucky's, that Powell was never a member of Lucky's, and that Powell did not have the authority to transfer the property.
The plaintiffs moved for summary judgment on the complaint before the completion of discovery, and the Title Company, on its own behalf and as successor in interest to Alpahema, opposed the motion. In an order dated July 11, 2018, the Supreme Court denied the plaintiffs' motion, determining that the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law, and that discovery needed to be completed.
Thereafter, the plaintiffs moved for leave to renew their motion for summary judgment on the complaint. In support of their motion, the plaintiffs submitted transcripts of the depositions of Conti and a representative of Eastcor. In an order dated December 19, 2018, the Supreme Court denied the motion for leave to renew, determining that the plaintiffs had failed to offer a reasonable justification as to why those deposition transcripts were not available to be submitted with the plaintiffs' original motion for summary judgment, and that, in any event, triable issues of fact existed that precluded summary judgment. The plaintiffs appeal from both orders.
We agree with the Supreme Court's determination denying the plaintiffs' motion for summary judgment on the complaint. Although a deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid (see ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803; Cruz v Cruz, 37 AD3d 754, 754), "[a] certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises the presumption of due execution, 'which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed'" (U.S. Bank N.A. v Goldin, 160 AD3d 1012, 1013, quoting ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803 [internal quotation marks omitted]).
Here, in support of their motion for summary judgment, the plaintiffs submitted, inter alia, Conti's affidavit, which averred that Conti had always been and remained the sole member of Lucky's, that he had never authorized Powell or anyone else to sell, transfer, or assign the property to KD1 or any other party, and that the August 2013 deed and various other documents Powell purportedly submitted at the closing were forged or fraudulent. The plaintiffs also submitted, however, various closing documents, including, inter alia, a certificate of authority and resolution of Lucky's, both signed by Powell and authorizing him to act, and the deed signed by Powell on behalf of Lucky's with a notarized certificate of acknowledgment signed by Powell. Based on their own submissions, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law, as the affidavit of an interested party is insufficient to rebut the presumption of due execution arising from the notarized certificate of acknowledgment accompanying the deed (see Osborne v Zornberg, 16 AD3d 643, 644; see also ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d at 803). Significantly, the plaintiffs failed to submit the governing operating agreement for Lucky's or provide other objective evidence that Powell was without authority to sell the property. Under these circumstances, the plaintiffs' own submissions raise a triable issue of fact as to whether Powell was a member of Lucky's authorized to sell the property (see CitiMortgage, Inc. v Caldaro, 145 AD3d 851, 853; JAB Constr. 1 Corp. v North Broadway Estates, Ltd., 145 AD3d 673, 674).
The plaintiffs also failed to establish, prima facie, that Alpahema was negligent in failing to ascertain that the corporate documents were forged or fraudulent (see generally 334 Corp. v Jericho Plaza, LLC, 128 AD3d 679, 679, quoting LZG Realty, LLC v H.D.W.2005 Forest, LLC, 87 AD3d 727, 727). According to the plaintiffs' submissions, Powell presented corporate documents at the closing demonstrating that he was a member of Lucky's authorized to sell the property, and no facts have been alleged that would impose a duty on Alpahema, as mortgagee, to ascertain the authenticity of these documents (see 334 Corp. v Jericho Plaza, LLC, 128 AD3d at 680; see also Harris v Adejumo, 36 AD3d 855, 856).
As the plaintiffs did not sustain their prima facie burden of establishing their entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the Title Company's opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 843; Osborne v Zornberg, 16 AD3d at 644).
We also agree with the Supreme Court's determination denying the plaintiffs' motion for leave to renew their motion for summary judgment. A motion for leave to renew under CPLR 2221 must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (see Serrone v City of New York, 182 AD3d 622, 623, quoting State Farm Mut. Auto. Ins. Co. v Hertz Corp., 43 AD3d 907, 908). Here, the plaintiffs failed to set forth a reasonable justification for their failure to submit Conti's deposition transcript with their original motion for [*2]summary judgment and for not conducting the deposition of Eastcor before that motion was filed (see Centerline/Fleet Hous. Partnership, L.P.-Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1598; Caronia v Peluso, 170 AD3d 649, 651). Moreover, the plaintiffs failed to establish that the transcripts contained new facts that would change the prior determination, as the deposition testimony in each failed to rebut the presumption that the deed at issue was duly executed and failed to resolve the triable issue of fact as to whether Powell was a member of Lucky's (see Gahagan v Gahagan, 172 AD3d 1008, 1010; Hausen v N. Fork Radiology, P.C., 171 AD3d 888, 893).
The plaintiffs' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court