2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd. (2021 NY Slip Op 04879)





2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd.


2021 NY Slip Op 04879


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


634 CA 19-01938

[*1]2006905 ONTARIO INC., PLAINTIFF-APPELLANT,
v
GOODRICH AEROSPACE CANADA, LTD., AND DINO SOAVE, DEFENDANTS-RESPONDENTS. 






ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (JOSEPH E. ZDARSKY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
NASH CONNORS, P.C., BUFFALO (PHILIP M. GULISANO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 1, 2019. The order, among other things, denied that part of plaintiff's motion seeking partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking damages for, inter alia, fraud allegedly arising from contract negotiations, plaintiff appeals from an order that, among other things, denied that part of its motion seeking partial summary judgment on certain elements of its fraud cause of action, i.e., the elements requiring a material misrepresentation of fact, knowledge of its falsity, and an intent to induce reliance (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). We affirm.
It is well settled that "fraud must be proven by clear and convincing evidence; 'loose, equivocal or contradictory' evidence will not suffice" (Callisto Pharm., Inc. v Picker, 74 AD3d 545, 546 [1st Dept 2010]; see George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219-220 [1978]; see also Matter of Monto v Zeigler, 183 AD3d 1294, 1295 [4th Dept 2020], lv denied 35 NY3d 904 [2020]). It is also well settled that "[t]he proponent on a summary judgment motion bears the initial burden of establishing entitlement to judgment as a matter of law by submitting evidence sufficient to eliminate any material issues of fact" (Rice v City of Buffalo, 145 AD3d 1503, 1504-1505 [4th Dept 2016]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Here, contrary to plaintiff's contention, the evidence that it submitted in support of the motion failed to eliminate all questions of fact with respect to the elements of fraud in question. Consequently, Supreme Court properly denied the motion "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Plaintiff's remaining contentions are academic in light of our determination.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court