2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd. (2022 NY Slip Op 03613)

2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd.

2022 NY Slip Op 03613

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

291 CA 21-01044

[*1]2006905 ONTARIO INC., PLAINTIFF-APPELLANT,
v
GOODRICH AEROSPACE CANADA, LTD., AND DINO SOAVE, DEFENDANTS-RESPONDENTS. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (DANIEL J. BOBBETT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
NASH CONNORS, P.C., BUFFALO (PHILIP M. GULISANO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered June 22, 2021. The order, among other things, denied plaintiff's motion for leave to renew its prior motion insofar as it sought partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, fraud allegedly arising from failed negotiations regarding the renewal of a contract to supply parts. On a prior appeal, we affirmed an order denying that part of plaintiff's motion, which plaintiff made before taking depositions, seeking "partial summary judgment on certain elements of its fraud cause of action, i.e., the elements requiring a material misrepresentation of fact, knowledge of its falsity, and an intent to induce reliance" (2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 197 AD3d 1008, 1008-1009 [4th Dept 2021]). After depositions and other discovery occurred, plaintiff moved for leave to renew its prior motion insofar as the prior motion sought partial summary judgment. Plaintiff now appeals from an order that, among other things, denied its motion for leave to renew, and we affirm.
Contrary to plaintiff's contention, Supreme Court properly denied leave to renew. As relevant here, a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp., 134 AD3d 1418, 1419 [4th Dept 2015]; Blazynski v A. Gareleck & Sons, Inc., 48 AD3d 1168, 1170 [4th Dept 2008], lv denied 11 NY3d 825 [2008]). Here, in support of its motion for leave to renew, plaintiff submitted deposition transcripts containing facts relevant to the prior motion. The only justification proffered by plaintiff for failing to present those facts in support of the prior motion is that depositions had not yet been conducted. As we have previously stated, a motion for leave to renew "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Welch Foods v Wilson, 247 AD2d 830, 831 [4th Dept 1998] [internal quotation marks omitted]; see Heltz v Barratt, 115 AD3d 1298, 1300 [4th Dept 2014], affd 24 NY3d 1185 [2014]). Thus, as the moving party, plaintiff
" 'bore the burden of proving that the new evidence [it] sought to present could not have been discovered earlier with due diligence and would have led to a different result' " (Centerline/Fleet Hous. Partnership, L.P.-Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1598 [4th Dept 2019]). Here, plaintiff failed to meet that burden because "nothing prevented [it] from conducting discovery, including depositions, prior to moving for [partial] summary judgment" (id.). Thus, plaintiff "failed to provide a reasonable justification for not procuring the deposition testimony before moving for [partial] summary judgment" (id.; see Lucky's Real Estate Group, [*2]LLC v Powell, 189 AD3d 1202, 1205 [2d Dept 2020]; Justino v Santiago, 116 AD3d 411, 411 [1st Dept 2014]).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court