Governing Body Commn. of the Intl. Socy. of Krishna Consciousness v Britten (2022 NY Slip Op 06914)

Governing Body Commn. of the Intl. Socy. of Krishna Consciousness v Britten

2022 NY Slip Op 06914

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2018-14507 
2019-03410
 (Index No. 524895/17)

[*1]Governing Body Commission of the International Society of Krishna Consciousness, et al., respondents,
v
David Britten, et al., appellants, et al., defendants.

Blanchard & Wilson LLP, White Plains, NY (Daniel D. Angiolillo, Dennis E. Lynch, Mark W. Blanchard, James L. Virga, and Cotto Law Offices [Mark J. Weinstein], of counsel), for appellants.
Perlman & Perlman, LLP (David G. Samuels and George J. Frumkin, Brooklyn, NY, of counsel), for respondent Governing Body Commission of the International Society of Krishna Consciousness.
Edward S. Rudofsky, P.C., Melville, NY, for respondents William Tripp Suczek, Pragnesh Surti, Frank Lenna, Gita Das, Tapas Kumar Mistri, Minal Patel, Mahua Purakait, Dhruba Saha, and Bharati Center, Inc.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants David Britten, Heather Britten, Arthur Cuffee, Alexis Cuffee, David Jones, Grigory Fooks, Hemwattee Singh, and Mark J. Weinstein appeal from (1) an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated October 29, 2018, and (2) an order of the same court dated January 23, 2019. The order dated October 29, 2018, granted the plaintiffs' motion for summary judgment on the causes of action for declaratory and injunctive relief. The order dated January 23, 2019, denied those defendants' motion for leave to renew their opposition to the plaintiffs' motion for summary judgment on the causes of action for declaratory and injunctive relief.
ORDERED that the appeals by the defendant Mark J. Weinstein are dismissed, as he is not aggrieved by the orders appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order dated October 29, 2018, is affirmed on the appeal by the defendants David Britten, Heather Britten, Arthur Cuffee, Alexis Cuffee, David Jones, Grigory Fooks, and Hemwattee Singh; and it is further,
ORDERED that the order dated January 23, 2019, is affirmed on the appeal by the defendants David Britten, Heather Britten, Arthur Cuffee, Alexis Cuffee, David Jones, Grigory Fooks, and Hemwattee Singh; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Kings County, for the [*2]entry of a judgment, inter alia, declaring that "the current directors of Bharati Center, Inc. are William Tripp Suczek, Pragnesh Surti, Frank Lenna, Gita Das, Tapas Kumar Mistri, Minal Patel, Mahua Purakait, and Dhruba Saha ("Current Directors")"; that, "as of July 18, 2017, defendant David Britten (a/k/a Ramabhadra Das) is neither a director nor temple president of Bharati Center, Inc."; and that "Defendants Heather Britten (a/k/a Satya Dasi), Arthur Cuffee (a/k/a Adideva Das), Alexis Cuffee, David Jones, Grigory Fooks, Hemwattee Singh, and Shaila Trivedi, are no longer directors or officers of Bharati Center, Inc."; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs appearing separately and filing separate briefs.
This case involves a dispute between two groups affiliated with the International Society for Krishna Consciousness, Inc. (hereinafter ISKCON), over the management and control of the ISKCON Radha Govinda Temple, incorporated as Bharati Center, Inc. (hereinafter the Temple), located in Brooklyn. The individual parties are members of ISKCON, a New York religious corporation incorporated in 1966. The main point of dispute is the defendants' attempt to sell the real property upon which the Temple is situated, which is located at 295-309 Schermerhorn Street in Brooklyn, over the objection of the plaintiffs and certain nonparty ISKCON members.
The plaintiffs commenced this action seeking, inter alia, declaratory and injunctive relief. After joinder of issue, the plaintiffs moved for summary judgment on the causes of action for declaratory and injunctive relief. The defendants David Britten, Heather Britten, Arthur Cuffee, Alexis Cuffee, David Jones, Grigory Fooks, and Hemwattee Singh (hereinafter collectively the defendants), among others, opposed the motion. In an order dated October 29, 2018, the Supreme Court granted the plaintiffs' motion and directed that the following declarations be made: that "the current directors of Bharati Center, Inc. are William Tripp Suczek, Pragnesh Surti, Frank Lenna, Gita Das, Tapas Kumar Mistri, Minal Patel, Mahua Purakait, and Dhruba Saha ("Current Directors")"; that, "as of July 18, 2017, defendant David Britten (a/k/a Ramabhadra Das) is neither a director nor temple president of Bharati Center, Inc."; and that "Defendants Heather Britten (a/k/a Satya Dasi), Arthur Cuffee (a/k/a Adideva Das), Alexis Cuffee, David Jones, Grigory Fooks, Hemwattee Singh, and Shaila Trivedi, are no longer directors or officers of Bharati Center, Inc." The defendants then moved for leave to renew their opposition to the plaintiffs' motion. In an order dated January 23, 2019, the court denied the defendants' motion for leave to renew. The defendants appeal from both orders. We affirm.
"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286; see Laguerre v Maurice, 192 AD3d 44, 47). However, where, as here, the dispute may be resolved utilizing neutral principles of law, a court may "properly preside over a dispute involving a religious body" (Russian Orthodox Convent Novo-Diveevo, Inc. v Sukharevskaya, 166 AD3d 1036, 1037; see Jones v Wolf, 443 US 595, 602-603; Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 122; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 407; Kelley v Garuda, 36 AD3d 593, 593).
The plaintiffs demonstrated their prima facie entitlement to the foregoing declaratory relief with proof that the defendants were properly and justifiably removed as directors of the plaintiff Bharati Center, Inc., pursuant to, inter alia, the relevant certificate of incorporation and bylaws (see Episcopal Diocese of Rochester v Harnish, 11 NY3d 340, 348; Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Further, the plaintiffs established their prima facie entitlement to the injunctive relief sought in the complaint (see Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp., 193 AD3d 723, 723; cf. Cong. Machon Chana v Machon Chana Women's Inst., Inc., 162 AD3d 635, 637). In [*3]opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562).
The Supreme Court providently exercised its discretion in denying the defendants' motion for leave to renew their opposition to the plaintiffs' motion for summary judgment. Pursuant to CPLR 2221(e), "a motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (State Farm Mut. Auto. Ins. Co. v Hertz Corp., 43 AD3d 907, 908; see Serrone v City of New York, 182 AD3d 622, 623). Here, the defendants did not provide new evidence that would have changed the prior determination and they did not present a reasonable justification for failing to present the allegedly new facts in opposition to the prior motion (see Serrone v City of New York, 182 AD3d at 623). Accordingly, the Supreme Court properly denied the defendants' motion for leave to renew.
The parties' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that "the current directors of Bharati Center, Inc. are William Tripp Suczek, Pragnesh Surti, Frank Lenna, Gita Das, Tapas Kumar Mistri, Minal Patel, Mahua Purakait, and Dhruba Saha ("Current Directors")"; that, "as of July 18, 2017, defendant David Britten (a/k/a Ramabhadra Das) is neither a director nor temple president of Bharati Center, Inc."; and that "Defendants Heather Britten (a/k/a Satya Dasi), Arthur Cuffee (a/k/a Adideva Das), Alexis Cuffee, David Jones, Grigory Fooks, Hemwattee Singh, and Shaila Trivedi, are no longer directors or officers of Bharati Center, Inc." (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., WOOTEN, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court