Vermont Equity & Funding Corp. v Brown (2025 NY Slip Op 00900)

Vermont Equity & Funding Corp. v Brown

2025 NY Slip Op 00900

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-07328 
2022-07329
 (Index No. 610120/19)

[*1]Vermont Equity and Funding Corp., respondent,
v
Linton Brown, et al., defendants, 33-37 Linden Ave, LLC, appellant (and a third-party action).

Harris Beach PLLC, Pittsford, NY (Kelly S. Foss and Katerina M. Kramarchyk of counsel), for appellant.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson and Jessica J. Kastner of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 33-37 Linden Ave, LLC, appeals from two orders of the Supreme Court, Nassau County (David P. Sullivan, J.), both dated June 7, 2022. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing the counterclaim and third affirmative defense of the defendant 33-37 Linden Ave, LLC, and granted the plaintiff's separate motion to appoint a receiver for the rents and profits of the mortgaged property. The second order, upon the granting of the plaintiff's motion to appoint a receiver for the rents and profits of the mortgaged property, appointed a receiver for the rents and profits of the mortgaged property.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 9, 2016, the defendant 33-37 Linden Ave, LLC (hereinafter the defendant), executed a note in the amount of $120,000 in favor of Amanda Piroozian. The note was signed by the defendant Linton Brown, as managing member of the defendant. The note was secured by a mortgage on certain real property located in Nassau County (hereinafter the property).
In July 2019, the plaintiff, Piroozian's successor in interest, commenced the instant action to foreclose the mortgage against the defendant and Brown, among others. In its answer, the defendant alleged as a third affirmative defense that the "plaintiff and [the] plaintiff's predecessor in interest knew or should have known that . . . Brown had no authority to enter into a mortgage [agreement] affecting substantially all of the assets of the [d]efendant in violation of, inter alia, . . . Limited Liability Company Law [§ ] 402(d)(2)." The defendant further asserted a counterclaim seeking to deem the mortgage null and void pursuant to Limited Liability Company Law § 402(d)(2).
In August 2020, the plaintiff moved, inter alia, for summary judgment dismissing the defendant's counterclaim and third affirmative defense. In support of its motion, the plaintiff submitted the affidavit of Thomas Carlo, the owner and president of Triborough Land Services (hereinafter Triborough). Carlo stated that Triborough attended the closing of the subject mortgage on December 9, 2016. He stated that "Brown attended the Closing on December 9, 2016, represented by counsel, and executed all closing documents on behalf of the [defendant] as buyer for the [property]." Carlo further stated that "prior to the Closing, . . . Brown presented the [defendant's] Operating Agreement which became part of the closing file maintained by Triborough." Carlo attached that operating agreement, which stated that Brown was the manager of the defendant and that, as manager, Brown had the authority, as sole agent of the defendant, to borrow money and incur liabilities on behalf of the defendant.
In opposition to the plaintiff's motion, the defendant submitted the affidavit of Shoaib Sultan, who claimed to be the sole member of the defendant. Sultan stated that "[a]t the time of the purported mortgage closing at issue (i.e., December 9, 2016), I held the majority membership interest in [the defendant] while . . . Brown . . . owned a 15.00% interest in [the defendant]" and that "Brown was never the manager nor an authorized representative of [the defendant]." Sultan further stated, "I did not know that the mortgage even existed until about September 2019."
While the plaintiff's motion for summary judgment was pending, the plaintiff separately moved to appoint a receiver for the rents and profits of the property. The defendant opposed on the ground that "the Mortgage [was] a total fraud."
In an order dated March 15, 2021, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's counterclaim and third affirmative defense and granted the plaintiff's separate motion to appoint a receiver. However, in an order dated April 7, 2021, the court vacated the March 15, 2021 order on the ground that it "was issued in contravention of the directives contained in the [COVID-19] Emergency Protect Our Small Business Act of 2021 and the subsequent Administrative Order of Chief Judge Marks which both went into effect on March 9, 2021."
On January 31, 2022, the plaintiff moved "for [r]esettlement of" the order dated March 15, 2021, "and such other and further relief [the Supreme Court] may deem just, proper and equitable." The defendant did not oppose this motion.
In an order dated June 7, 2022, the Supreme Court, inter alia, granted the plaintiff's unopposed motion for resettlement of the March 15, 2021 order. The court also granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's counterclaim and third affirmative defense and granted the plaintiff's separate motion to appoint a receiver, for the reasons stated by the court in the order dated March 15, 2021. In addition, in a second order dated June 7, 2022, the court, upon the granting of the plaintiff's motion to appoint a receiver for the rents and profits of the property, appointed a receiver. The defendants appeal from so much of the first order dated June 7, 2022, as granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's counterclaim and third affirmative defense and granted the plaintiff's separate motion to appoint a receiver. The defendants also appeal from the second order dated June 7, 2022.
Initially, we reject the plaintiff's contention that these appeals must be dismissed because the orders dated June 7, 2022, were entered upon the defendant's default (see CPLR 5511; HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 932). Although the defendant did not oppose the plaintiff's motion "for [r]esettlement," the defendant did oppose those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's counterclaim and third affirmative defense and the plaintiff's separate motion to appoint a receiver, which were granted in the first order dated June 7, 2022.
Turning to the merits, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's counterclaim and [*2]third affirmative defense, which alleged that the subject mortgage was invalid. "A mortgagee is not a bona fide encumbrancer where, despite being aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue, it fails to make such inquiries. However, mortgagees 'do not have a duty of care to ascertain the validity of the documentation presented by an individual who claims to have the authority to act on behalf of a borrower corporation or entity'" (334 Corp. v Jericho Plaza, LLC, 128 AD3d 679, 679 [citations omitted], quoting LZG Realty, LLC v H.D.W. 2005 Forest, LLC, 87 AD3d 727, 729; see Real Property Law § 266). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of Carlo and the operating agreement that Brown had provided prior to the closing, which indicated that Brown had sole authority to enter into the subject note and mortgage agreement on behalf of the defendant (see 334 Corp. v Jericho Plaza, LLC, 128 AD3d at 680; see also Lucky's Real Estate Group, LLC v Powell, 189 AD3d 1202, 1204-1205). The defendant failed to raise a triable issue of fact in opposition. Contrary to the defendant's contention, Limited Liability Company Law § 402 did not require any further due diligence by Piroozian under the circumstances (see 334 Corp. v Jericho Plaza, LLC, 128 AD3d at 680; cf. Shefa Trading III, LLC v E.N.Y. Plaza, LLC, 192 AD3d 937).
The defendant's conclusory assertion that further discovery is necessary is without merit (see R.L. v New York City Dept. of Educ., 175 AD3d 477, 479).
On appeal, the only argument the defendant raises regarding the plaintiff's motion to appoint a receiver is that the Supreme Court should have denied that motion because the mortgage was void. However, as set forth above, the court properly awarded the plaintiff summary judgment dismissing the defendant's counterclaim and third affirmative defense, which alleged that the mortgage was void (see generally CPLR 6401[a]; HSBC Bank USA, N.A. v Rubin, 210 AD3d 73, 80-84).
The contention raised by the plaintiff regarding the defendant's second affirmative defense is not brought up for review on these appeals.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court