New Hope Christian Church, Inc. v Parks (2025 NY Slip Op 01227)

New Hope Christian Church, Inc. v Parks

2025 NY Slip Op 01227

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2021-01993
 (Index No. 33815/20)

[*1]New Hope Christian Church, Inc., et al., appellants, 
v
Rachel Parks, et al., respondents.

Law Office of Thomas V. Sassone, P.C., New City, NY (Alvin L. Spitzer of counsel), for appellants.
Savad Churgin, Nanuet, NY (Joseph Churgin and Donna Sobel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated February 26, 2021. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
This case involves a dispute between two rival factions affiliated with New Hope Christian Church, Inc. (hereinafter the Church), a New York religious corporation incorporated in 2013, and located in Monsey. The individual parties are current and former trustees and members of the Church. The plaintiffs allege that in 2016, the defendant Phillip Dennis resigned as the Church's pastor and brought formal charges against the plaintiff Glen Mapes and nonparty Hank Bakker, who were the Church's only two ruling elders, with nonparty Metropolitan New York Presbytery (hereinafter MNYP), the regional governing body of the Presbyterian Church in America, Inc., with which the Church was affiliated. The plaintiffs further allege that MNYP, at the instigation of, among others, Dennis, violated the Church's bylaws and the Book of Church Order (hereinafter the BCO) by establishing a temporary session to govern the Church. The plaintiffs allege that the temporary session lacked the authority to govern the Church, to call or notice congregation meetings, to remove officers and trustees, to appoint elders, and to decide issues of membership. Thus, the plaintiffs sought, among other things, a judgment declaring that the temporary session was wrongfully established and to permanently enjoin the defendants from taking any further actions to sell the Church's properties. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court concluded that the action was nonjusticiable and directed dismissal of the complaint. We affirm.
"The First Amendment forbids civil courts from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286; see Governing Body Commn. of the Intl. Socy. of Krishna Consciousness v Britten, 211 AD3d 701, 703; [*2]Laguerre v Maurice, 192 AD3d 44, 47). However, where the dispute may be resolved utilizing neutral principles of law, a court may "properly preside over a dispute involving a religious body" (Russian Orthodox Convent Novo-Diveevo, Inc. v Sukharevskaya, 166 AD3d 1036, 1037; see Jones v Wolf, 443 US 595, 602-603; Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 122; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 403, 407). "In doing so, courts may rely upon internal documents, such as a congregation's bylaws, but only if those documents do not require interpretation of ecclesiastical doctrine. Thus, judicial involvement is permitted when the case can be decided solely upon the application of neutral principles of law, without reference to any religious principle" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286 [alteration and internal quotation marks omitted]).
Here, all of the claims asserted by the plaintiffs are nonjusticiable, as they cannot be resolved solely based on neutral principles of law without reference to any religious principle. Instead, resolution of the issues raised would necessarily involve interpretation of ecclesiastical doctrine in the BCO and an impermissible inquiry into an ecclesiastical matter involving church governance, in which civil courts should not intervene (see Serbian Eastern Orthodox Diocese for United States and Canada v Milivojevich, 426 US 696, 723; Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d at 286; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d at 124; Russian Orthodox Convent Novo-Diveevo, Inc. v Sukharevskaya, 166 AD3d at 1040; Sam v Church of St. Mark, 293 AD2d 663, 664).
Accordingly, the Supreme Court properly directed dismissal of the complaint as nonjusticiable.
We need not reach the parties' remaining contentions in light of our determination.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court